IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK ALLEN,

    Plaintiff,

  v.

RADIOSHACK CORPORATION,

    Defendant.

No. C 11-03110 WHA

**TENTATIVE ORDER RE MOTIONS IN LIMINE (FOR DISCUSSION AT FINAL PRE-TRIAL CONFERENCE)**

*Defendant's Motion in Limine No. 1*

    RadioShack's motion in limine number 1 is **GRANTED TO THIS EXTENT**. No reference before the jury shall be made to the four "me too" persons until after both cases in chief are presented. Then, the Court will decide the extent to which any of their stories may be heard in plaintiff's rebuttal case. This decision will be based on the record of the case as actually tried up to that point.

*Defendant's Motion in Limine No. 2*

    RadioShack's motion in limine number 2 is **DENIED**. In light of RadioShack's affirmative defenses, plaintiff is entitled to try to prove that RadioShack's policies and procedures fell short of reasonable as measured by industry standards and to show that RadioShack's response to plaintiff's grievance was substandard as measured by industry standards. The expert, however, may not opine on whether any person did or did not act in good faith or otherwise testify to subjective intent, at least without prior Court approval upon an opening of the door by the defense.

*Defendant's Motion in Limine No. 3*

    With respect to RadioShack's motion in limine number 3, Tom Nabozny may testify to *facts* he observed, not lay opinions, and may testify to his conversation with Donna Ocampo, a

decision-maker in plaintiff's case (the "go-getter" conversation). He must stick to the factual observations unless the defense opens the door. This motion is accordingly **GRANTED IN PART**.

### *Defendant's Motion in Limine No. 4*

RadioShack's motion in limine number 4 regarding settlements with employees is **GRANTED**.

\* \* \*

### *Plaintiff's Motion in Limine No. 1*

Plaintiff's motion in limine number 1 is **GRANTED** as to all excerpts quoted except the one at page 7 lines 5–7 of the plaintiff's memorandum. Expert Finkelman must limit his testimony to the type allowed for the opposing expert (see defense motion in limine number 2).

### *Plaintiff's Motion in Limine No. 2*

Plaintiff's motion in limine number 2 is **DENIED WITHOUT PREJUDICE** to objections to specific questions.

### *Plaintiff's Motion in Limine No. 3*

Plaintiff's motion in limine number 3 is **GRANTED**.

### *Plaintiff's Motion in Limine No. 4*

Before ruling on plaintiff's motion in limine number 4 (which will be treated as timely), the Court will hear argument from RadioShack.

\* \* \*

Two caveats to the tentative rulings above: Any denial above does not mean that the evidence at issue in the motion is admitted into evidence — it must still be moved into evidence, subject to other possible objections, at trial. And, a grant of a motion in limine does not exclude the evidence under any and all circumstances; the beneficiary of a grant may open the door to the disputed evidence, for example.

**IT IS SO ORDERED.**

Dated: February 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE