IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK ALLEN,

    Plaintiff,

  v.

RADIOSHACK CORPORATION,

    Defendant.

No. C 11-03110 WHA

**ORDER RE MOTIONS IN LIMINE**

Having reviewed the parties' submissions, and following today's pre-trial conference, the rulings on the motions in limine are as follows.

*Defendant's Motion in Limine No. 1*

RadioShack's motion in limine number 1 is **GRANTED TO THIS EXTENT**. No reference before the jury shall be made to the four "me too" persons until after both cases in chief are presented. Then, the Court will decide the extent to which any of their stories may be heard in plaintiff's rebuttal case. This decision will be based on the record of the case as actually tried up to that point.

*Defendant's Motion in Limine No. 2*

In light of RadioShack's withdrawal of affirmative defense numbers eight and nine, RadioShack's motion in limine number 2 is **GRANTED**.

*Defendant's Motion in Limine No. 3*

With respect to RadioShack's motion in limine number 3, Tom Nabozny may testify to *facts* he observed, not lay opinions, and may testify to his conversation with Donna Ocampo, a decision-maker in plaintiff's case (the "go-getter" conversation). He must stick to the factual observations unless the defense opens the door. This motion is accordingly **GRANTED IN PART**.

*Defendant's Motion in Limine No. 4*

RadioShack's motion in limine number 4 regarding settlements with employees is **GRANTED**.

* * *

*Plaintiff's Motion in Limine Nos. 1 and 2*

Plaintiff's motion in limine numbers 1 and 2 are **GRANTED**. Expert Finkelman will not be allowed to testify, unless the Court rules otherwise based on the evidence presented at trial.

*Plaintiff's Motion in Limine No. 3*

Plaintiff's motion in limine number 3 is **GRANTED**. RadioShack shall provide the most recent 10-K available. The parties should be aware that, if plaintiff prevails and the jury finds punitive damages should be awarded, the parties should be prepared to present their respective cases as to punitive damages.

*Plaintiff's Motion in Limine No. 4*

Plaintiff's motion in limine is deemed timely. The motion is **DENIED TO THE FOLLOWING EXTENT**: Exhibit No. 45 will be allowed in, assuming a proper foundation is laid at trial. Mr. Peterson and Mr. Gonsolin will be allowed to testify for the defense as to this document.

* * *

Two caveats to the rulings above: Any denial above does not mean that the evidence at issue in the motion is admitted into evidence — it must still be moved into evidence, subject to other possible objections, at trial. And, a grant of a motion in limine does not exclude the evidence under any and all circumstances; the beneficiary of a grant may open the door to the disputed evidence, for example.

**IT IS SO ORDERED.**

Dated: February 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2