IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK ALLEN,

      Plaintiff,

  v.                                   No. C 11-03110 WHA

RADIOSHACK CORPORATION,

      Defendant.

_____/

**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

**United States District Court**

For the Northern District of California

**United States District Court**

For the Northern District of California

1                                                        1.

2          Members of the jury, it is now my duty to instruct you on the law that applies to this case.

3   A copy of these instructions will be available in the jury room for you to consult as necessary.

4          It is your duty to find the facts from all the evidence and to decide whether the side with

5   the burden of proof has carried that burden, applying the elements of proof required by the law,

6   elements I will provide you in a moment.  In following my instructions, you must follow all of

7   them and not single out some and ignore others.  You must not read into these instructions or

8   into anything the Court may have said or done, including any comments by the Court on any

9   testimony in this trial, as suggesting what verdict you should return — that is a matter entirely up

10  to you.

11                                                       2.

12         The evidence from which you are to decide what the facts are consists of:

13         1.      The sworn testimony of witnesses, whether presented in person or

14  by depositions;

15         2.      The exhibits received into evidence; and

16         3.      Any stipulated facts.

17                                                       3.

18         Certain things, however, are not evidence, and you may not consider them in deciding

19  what the facts are.  I will list them for you:

20         1.      Arguments, statements and objections by lawyers are not evidence.  The

21  lawyers are not witnesses.  What they have said in their opening statements, closing

22  arguments and at other times is intended to help you interpret the evidence, but it is not

23  evidence itself.  If the facts as you remember them differ from the way the lawyers have

24  stated them, your memory of them controls.

25         2.      A suggestion in a question by counsel or the Court is not evidence unless

26  it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the

27  extent it is adopted by the answer.

28

**United States District Court**
For the Northern District of California

1    3.    Testimony or exhibits that have been excluded or stricken, or that you

2  have been instructed to disregard, are not evidence and must not be considered.  In

3  addition, some testimony and exhibits have been received only for a limited purpose;

4  where I have given a limiting instruction, you must follow it.

5    4.    Anything you may have seen or heard when the Court was not in session

6  is not evidence.

7                                              4.

8     Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

9  as testimony by a witness about what that witness personally saw or heard, or did.

10  Circumstantial evidence is proof of one or more facts from which you could find another fact.

11  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

12  find from that fact that it rained during the night.  However, other evidence, such as a turned-on

13  garden hose, may explain the presence of water on the sidewalk.  Therefore, before you decide

14  that a fact has been proved by circumstantial evidence, you must consider all the evidence in the

15  light of reason, experience and common sense.  You should consider both kinds of evidence.

16  The law makes no distinction between the weight to be given to either direct or circumstantial

17  evidence.  It is for you to decide how much weight to give to any evidence.

18                                             5.

19     In deciding the facts in this case, you may have to decide which testimony to believe and

20  which testimony not to believe.  You may believe everything a witness says, or part of it or

21  none of it.  In considering the testimony of any witness, you may take into account:

22

23    1.    The opportunity and ability of the witness to see or hear or know

24  the things testified to;

25    2.    The quality of the witness' memory;

26    3.    The witness' manner while testifying;

27    4.    The witness' interest in the outcome of the case and any bias or

28  prejudice;

3

1            5.       Whether other evidence contradicted the witness' testimony;

2            6.       The reasonableness of the witness' testimony in light of all the

3 evidence; and

4            7.       Any other factors that bear on believability.

5                              6.

6 You are not required to decide any issue according to the testimony of a number of

7 witnesses, which does not convince you, as against the testimony of a smaller number or other

8 evidence, which is more convincing to you.  The testimony of one witness worthy of belief is

9 sufficient to prove any fact.  This does not mean that you are free to disregard the testimony of

10 any witness merely from caprice or prejudice, or from a desire to favor either side.  It does

11 mean that you must not decide anything by simply counting the number of witnesses who have

12 testified on the opposing sides.  The test is not the number of witnesses but the convincing force

13 of the evidence.  You should base your decision on all of the evidence regardless of which party

14 presented it.

15                              7.

16 You have heard testimony from witnesses referred to as "expert witnesses."  These are

17 persons who, because of education or experience, are permitted to state opinions and the

18 reasons for their opinions.  Opinion testimony should be judged just like any other testimony.

19 You may accept it or reject it, and give it as much weight as you think it deserves, considering

20 the witness' education and experience, the reasons given for the opinion, and all the other

21 evidence in the case.  If an expert witness was not present at the events in question, his or her

22 opinion is necessarily based on an assumed set of circumstances.  In evaluating the opinion

23 during the trial, you should take into account the extent to which you do agree or do not agree

24 with the circumstances assumed by the expert witness.

25                              8.

26 A witness may be discredited or impeached by contradictory evidence or by evidence

27 that, at some other time, the witness has said or done something or has failed to say or do

28 something that is inconsistent with the witness' present testimony.  If you believe any witness

United States District Court

For the Northern District of California

1  has been impeached and thus discredited, you may give the testimony of that witness such

2  credibility, if any, you think it deserves.

3                                          9.

4          Discrepancies in a witness' testimony or between a witness' testimony and that of other

5  witnesses do not necessarily mean that such witness should be discredited.  Inability to recall

6  and innocent misrecollection are common.  Two persons witnessing an incident or a transaction

7  sometimes will see or hear it differently.  Whether a discrepancy pertains to an important matter

8  or only to something trivial should be considered by you.

9          However, a witness willfully false in one part of his or her testimony is to be distrusted

10 in others.  You may reject the entire testimony of a witness who willfully has testified falsely on

11 a material point, unless, from all the evidence, you believe that the probability of truth favors

12 his or her testimony in other particulars.

13                                         10.

14         In determining what inferences to draw from evidence you may consider, among other

15 things, a party's failure to explain or deny such evidence.

16                                         11.

17         All parties are equal before the law and a corporation is entitled to the same fair and

18 conscientious consideration by you as any party.

19         Under the law, a corporation is considered to be a person.  It can only act through its

20 employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of

21 its employees, agents, directors, or officers performed within the scope of authority.

22         An agent is a person who performs services for the corporation under an express or

23 implied agreement and who is subject to its control or right to control the manner and means of

24 performing the services.  One may be an agent without receiving compensation for services.

25                                         12.

26         Now I will address the burden of proof.  In this case, the preponderance of the evidence

27 standard applies on all sides, so whoever has the burden of proof on an issue must carry that

28 issue by a preponderance of the evidence.  When a party has the burden of proof on any claim

United States District Court
For the Northern District of California

5

1  by a preponderance of the evidence, it means you must be persuaded by the evidence that the

2  claim is more probably true than not true.  To put it differently, if you were to put the evidence

3  favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party

4  with the burden of proof on the issue would have to make the scale tip somewhat toward its

5  side.  If the party fails to meet this burden, then the party with the burden of proof loses on the

6  issue.  Preponderance of the evidence basically means "more likely than not."

7  When a party has the burden of proving any claim by clear and convincing evidence, it

8  means you must be persuaded by the evidence that the claim is highly probable.  This is a

9  higher standard of proof than proof by a preponderance of the evidence.

10  13.

11  On any claim, if you find that plaintiff carried his burden of proof as to every element of

12  a particular claim, your verdict should be for plaintiff on that claim.  If you find that plaintiff

13  did not carry his burden of proof as to any element, you must find against plaintiff on that

14  claim.  This same principle also supplies to defendant on claims for which it has the burden of

15  proof.

16  14.

17  I will now turn to the law that applies to this case.  *First,* I will give you a brief summary

18  of the claims and defenses at issue in this case.  The plaintiff, Frank Allen, was a store manager

19  at defendant RadioShack.  He claims that defendant discriminated against him on the basis of

20  his race and/or age.  He also claims that he was retaliated against for complaining about

21  discrimination and/or for refusing to follow orders to terminate other African American and

22  Hispanic employees.  Lastly, plaintiff claims that he was harmed by defendant's outrageous

23  conduct that was intended to cause plaintiff emotional distress.  RadioShack claims that it

24  discharged plaintiff for legitimate, non-discriminatory reasons.  RadioShack also claims that it

25  would have discharged plaintiff anyway based on information learned after his termination.

26  15.

27  The issue in this case is not whether plaintiff was treated fairly or whether you agree

28  with the management style of defendant RadioShack.  Rather, the issue in this case concerns

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    plaintiff's specific claims of discrimination, retaliation, violation of California public policy by

2    reason of discrimination and/or retaliation, and intentional infliction of emotional distress.

3                                                    16.

4          An employment relationship may be ended by either the employer or the employee, at

5    any time, for any lawful reason, or for no reason at all.  This is called "at-will employment."  So

6    long as an employer is not motivated by race, age, or retaliation for complaining about race or

7    age discrimination, an employer may terminate an at-will employee for any business reason it

8    wishes.  Under the law, you may not second guess an employer's good-faith business reason for

9    a discharge unless plaintiff proves that the discharge was substantially motivated by the race or

10   age of the employee or to retaliate against the employee for complaining to management about

11   age or race discrimination against him or others.

12                                                   17.

13         To prevail on his claim for discrimination on the basis of race, plaintiff has the burden of

14   proving each of the following elements by a preponderance of the evidence:

15         1.      That defendant RadioShack was an employer;

16         2.      That plaintiff was an employee of defendant;

17         3.      That defendant discharged plaintiff;

18         4.      That plaintiff's race was a substantial motivating factor for the discharge;

19         5.      That plaintiff was harmed; *and*

20         6.      That the discharge was a substantial factor in causing plaintiff's harm.

21                                                   18.

22         To prevail on his claim for discrimination on the basis of age, plaintiff has the burden of

23   proving each of the following elements by a preponderance of the evidence:

24         1.      That defendant RadioShack was an employer;

25         2.      That plaintiff was an employee of defendant;

26         3.      That defendant discharged plaintiff;

27         4.      That plaintiff was age 40 or older at the time of the discharge;

28         5.      That plaintiff's age was a substantial motivating factor for the discharge;

                                                     7

United States District Court

For the Northern District of California

1       6.      That defendant was harmed; *and*

2       7.      That the discharge was a substantial factor in causing plaintiff's harm.

3                        19.

4         To prevail on his retaliation claim, plaintiff has the burden of proving each of the

5   following elements by a preponderance of the evidence:

6       1.      That plaintiff engaged in or was engaging in an activity protected under

7   California law, namely that he made a good-faith complaint of discrimination to his employer

8   *or* that he refused to follow orders to discharge other African-American and Hispanic

9   RadioShack employees;

10       2.      That defendant discharged plaintiff;

11       3.      That the protected activity was a substantial motivating factor in the adverse

12   employment action;

13       4.      That plaintiff was harmed; *and*

14       5.      That defendant's discharge of plaintiff was a substantial factor in causing

15   plaintiff's harm.

16                        20.

17         To prevail on his claim for wrongful termination in violation of public policy, plaintiff

18   has the burden of proving each of the following elements by a preponderance of the evidence:

19       1.      That plaintiff was employed by defendant RadioShack;

20       2.      That defendant discharged plaintiff;

21       3.      That plaintiff's age, race, complaint regarding discrimination and/or refusal to

22   terminate Hispanic or African-American employees at RadioShack was a substantial motivating

23   factor for plaintiff's discharge; *and*

24       4.      That defendant's discharge caused plaintiff harm.

25         If you find that plaintiff has not proven any of his claims for discrimination on the basis

26   of race and/or age or retaliation, you must also find against plaintiff on his claim for wrongful

27   termination in violation of public policy.  If, however, you find that plaintiff has proven any of

28

his claims for discrimination or retaliation, you must find in favor of plaintiff on his claim for wrongful termination in violation of public policy.

21.

You have heard evidence concerning whether or not RadioShack followed or departed from its disciplinary procedure. In this case, there is no claim against RadioShack for violation of company disciplinary procedure. You may consider this evidence only insofar as it bears on the claims in suit, which claims concern a discharge substantially motivated by discrimination on the basis of age or race or retaliation. Nor is there any claim that the discharge was unfair. Regardless of whether or not the discharge was unfair, the claims in suit require that plaintiff prove, among other things, that the termination was substantially motivated by age, race or retaliation.

22.

Plaintiff must prove by a preponderance of the evidence that a substantial motivating factor for RadioShack's discharge of plaintiff was intentional discrimination based on plaintiff's age and/or race or retaliation against plaintiff for engaging in a protected activity. Although you cannot find defendant liable for discrimination or retaliation based solely on a belief that the reasons defendant gave for discharging plaintiff were false or contrived, you may consider whether that circumstance suggests that defendant's proffered reasons for discharging plaintiff were a pretext for discrimination or retaliation.

23.

To prevail on his claim for intentional infliction of emotional distress, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      That defendant's conduct was outrageous;

2.      That defendant intended to cause plaintiff emotional distress;

3.      That plaintiff suffered severe emotional distress; *and*

4.      That defendant's conduct was a substantial factor in causing plaintiff's severe emotional distress.

9

United States District Court

For the Northern District of California

24.

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community.  Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.  In deciding whether defendant's conduct was outrageous, you may consider, among other factors, the following:

1.      Whether defendant abused a position of authority or a relationship that gave it real or apparent power to affect plaintiff's interests;

2.      Whether defendant knew that plaintiff was particularly vulnerable to emotional distress; and

3.       Whether defendant knew that its conduct would likely result in harm due to mental distress.

25.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.  "Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  Plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

26.

If you find that plaintiff has proven that discrimination on the basis of age and/or race or retaliation was a substantial motivating factor for his discharge, then you will need to decide if defendant has proven by a preponderance of the evidence that defendant RadioShack also discharged plaintiff for a legitimate reason.  That is, even if race, age or retaliation was a substantial motivating factor in plaintiff's discharge, the law limits the remedies available to plaintiff in the event that you find defendant would have made the same decision to discharge plaintiff on that date absent such discrimination.  If you make such a finding then the judge is

1    the one to fashion the remedies.  The foregoing does not apply to plaintiff's claim for

2    intentional infliction of emotional distress.

3                                              27.

4           In the event that you find plaintiff has proven that discrimination on the basis of age

5    and/or race or retaliation was a substantial motivating factor for his discharge and you further

6    find that defendant has not proven that it would have discharged plaintiff on that date for a

7    legitimate reason, then you must determine whether defendant has proven that it would have

8    made the decision to discharge plaintiff at a later date, and if so when.  The following defense

9    does not apply to plaintiff's claim for intentional infliction of emotional distress.

10          To prevail on this defense, RadioShack must prove each of the following elements by a

11   preponderance of the evidence:

12          1.      That plaintiff engaged in misconduct;

13          2.      That plaintiff's alleged misconduct was sufficiently severe that defendant would

14   have discharged him because of that misconduct alone had defendant known of it; *and*

15          3.      That defendant would have discharged plaintiff for his alleged misconduct

16   as a matter of settled company policy.

17                                             28.

18          If you find for the plaintiff on any of his claims then you must address the question of

19   damages.  It is the duty of the Court to instruct you about the measure of compensatory

20   damages.  By instructing you on damages, the Court does not mean to suggest for which party

21   your verdict should be rendered.  There are different measures of damages for the different

22   claims.  The party seeking damages has the burden of proving damages by a preponderance of

23   the evidence.

24                                             29.

25          You are not permitted to include speculative damages, which means compensation for

26   future loss or harm which, although possible, is conjectural or not reasonably certain.  Your

27   award must be based upon evidence and not upon speculation, guesswork or conjecture.

28   However, if you determine that a party is entitled to recover, you should compensate a party for

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  the loss or harm caused by the injury in question which the evidence shows is reasonably

2  certain to be suffered in the future.

3                                                    30.

4          Any award for future economic damages must be for the present cash value of those

5  damages.  Present cash value means the sum of money needed now, which, when invested at a

6  reasonable rate of return, will pay future damages at the times and in the amounts that you find

7  the damages would have been received.

8          The rate of return to be applied in determining present cash value should be the interest

9  that can reasonably be expected from safe investments that can be made by a person of ordinary

10  prudence, who has ordinary financial experience and skill.

11                                                   31.

12         You will be asked to decide whether defendant is liable to plaintiff under the legal

13  theories described above, namely:

14         1.       Discrimination on the basis of race;

15         2.       Discrimination on the basis of age;

16         3.       Retaliation for complaints about race and/or age discrimination;

17         4.       Wrongful termination in violation of public policy based on such retaliation

18                  and/or discrimination; and

19         5.       Intentional infliction of emotional distress.

20         Plaintiff seeks damages from defendant under more than one legal theory, as listed

21  above.  Each item of damages, however, may be awarded only once, regardless of the number

22  of legal theories alleged.  The following items of damages are recoverable under the above legal

23  theories:

24         1.       Past lost wages and benefits;

25         2.       Future lost wages and benefits;

26         3.       Past emotional distress; and

27         4.       Future emotional distress.

28

12

1    To recover damages for past lost earnings, plaintiff must prove the amount of wages and

2    benefits that he has lost to date.

3    To recover damages for future lost earnings, plaintiff must prove the amount of wages

4    and benefits he will be reasonably certain to lose in the future as a result of the injury.

5    Damages for lost wages, past or future, need not be reduced to account for any

6    unemployment insurance benefits plaintiff may have received.

7    As to damages for emotional distress, no fixed standard exists for deciding the amount

8    of these damages.  You must use your judgment to decide a reasonable amount based on the

9    evidence and your common sense.

10   To recover for future emotional distress, plaintiff must prove that he is reasonably

11   certain to suffer that harm.  For future emotional distress, you must determine the amount in

12   current dollars paid at the time of judgment that will compensate plaintiff for future emotional

13   distress.  This amount of damages should not be further reduced to present cash value because

14   that reduction should only be performed with respect to damages for past or future lost wages

15   and benefits.

16                                              32.

17   Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to

18   avoid or reduce damages.  Defendant claims that if plaintiff is entitled to any damages, they

19   should be reduced by the amount that he could have earned from other employment.  To prevail

20   on this defense of lack of mitigation of damages, defendant must prove each of the following

21   elements by a preponderance of the evidence:

22       1.    That employment substantially similar to plaintiff's former job was

23             available to him;

24       2.    That plaintiff failed to make reasonable efforts to seek this

25             employment; *and*

26       3.    The amount that plaintiff could have earned from this employment.

27   In deciding whether the employment was substantially similar, you should consider,

28   among other factors, whether:

*United States District Court*
For the Northern District of California

13

United States District Court

For the Northern District of California

1                (i) The nature of the work was different from plaintiff's employment

2                    with defendant RadioShack;

3                (ii) The new position was substantially inferior to plaintiff's former

4                    position;

5                (iii) The salary, benefits, and hours of the job were similar to plaintiff's

6                    former job;

7                (iv) The new position required similar skills, background, and

8                    experience;

9                (v) The job responsibilities were similar; and

10               (vi) The job was in the same locality.

11

12     If you determine that defendant has proven that plaintiff could have mitigated damages

13 by returning to gainful employment, you must determine the amount of loss plaintiff could have

14 avoided by calculating as follows:

15        1.      For any damages for *past lost earnings*, you must subtract the amount

16                plaintiff earned or could have earned from alternate employment from

17                the amount plaintiff would have earned from his job at RadioShack at

18                the time he was discharged.

19

20        2.      Similarly, for any damages for *future lost earnings*, you must subtract

21                the amount plaintiff is reasonably able to earn from alternate

22                employment from the amount plaintiff would have earned from his job

23                at RadioShack at the time he was discharged.

24                                     33.

25     Plaintiff also seeks an award of punitive damages in this case against defendant.  To

26 recover punitive damages, plaintiff has the burden of proving by clear and convincing evidence

27 that defendant was guilty of oppression, fraud or malice in engaging in the conduct on which he

28 bases his claim that defendant violated his rights.  The malicious, oppressive, or fraudulent

14

United States District Court

For the Northern District of California

1    conduct must be committed, authorized, adopted or approved by one or more officers, directors,

2    or managing agents of RadioShack, or was done with the advance knowledge of such officers,

3    directors, or managing agents.  If you find that plaintiff suffered actual injury, harm or damage

4    caused by any illegal conduct of defendant, you must decide in addition whether to award

5    punitive damages for the sake of example and by way of punishment.

6           "Clear and convincing" evidence means evidence of such convincing force that it

7    demonstrates, in contrast to the opposing evidence, a high probability of the truth of the facts

8    for which it is offered as proof.  Such evidence requires a higher standard of proof than proof by

9    a preponderance of the evidence.

10          "Malice" means conduct which was intended to cause injury to plaintiff or despicable

11   conduct which was carried on with a willful and conscious disregard for the rights or safety of

12   others.

13          "Oppression" means despicable conduct that subjects a person to cruel and unjust

14   hardship in conscious disregard of that person's rights.

15          "Despicable conduct" is conduct which is so vile, base, contemptible, miserable,

16   wretched or loathsome that it would be looked down upon and despised by ordinary decent

17   people.  A person acts with conscious disregard of the rights or safety of others when he or she

18   is aware of the probable dangerous consequences of his or her conduct and willfully and

19   deliberately fails to avoid those consequences.

20          "Fraud" means an intentional misrepresentation, deceit or concealment of a material fact

21   known to the defendant with the intention on the part of the defendant of thereby depriving a

22   person of property or legal rights or otherwise intending to cause injury.

23          An employee is a "managing agent" of a company if he or she exercises substantial

24   independent authority and judgment in his or her corporate decision-making such that his or her

25   decisions ultimately determine corporate policy.

26          Whether punitive damages should be imposed, and if so, the amount thereof, is left to

27   your sound discretion, exercised without passion or prejudice.  If you decide that punitive

28   damages should be awarded, you will have a short supplemental proceeding immediately

15

United States District Court

For the Northern District of California

1    following your verdict in order to receive more evidence and argument as to the amount that

2    should be awarded.

34.

4    When you begin your deliberations, you should elect one member of the jury as your

5    foreperson.  That person will preside over the deliberations and speak for you here in court.

6    You will then discuss the case with your fellow jurors to reach agreement if you can do

7    so.  Your verdict as to each claim and as to damages, if any, must be unanimous.  Each of you

8    must decide the case for yourself, but you should do so only after you have considered all of the

9    evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

10   Do not be afraid to change your opinion if the discussion persuades you that you should.

11   Do not come to a decision simply because other jurors think it is right.  It is important that you

12   attempt to reach a unanimous verdict but, of course, only if each of you can do so after having

13   made your own conscientious decision.  Do not change an honest belief about the weight and

14   effect of the evidence simply to reach a verdict.

15   I will give you a special verdict form to guide your deliberations.  Although the special

16   verdict form analyzes the questions in numerical order, you may consider the questions out of

17   sequence so long as your answers conform to the directions on the form concerning which

18   questions you must ultimately answer and which are only conditional depending on your other

19   answers.

35.

21   Some of you have taken notes during the trial.  Whether or not you took notes, you

22   should rely on your own memory of what was said.  Notes are only to assist your memory.  You

23   should not be overly influenced by the notes.

36.

25   When you retire to the jury room to deliberate, you will soon receive the following

26   things:

27       1.      All of the exhibits received into evidence;

28       2.      An index of the exhibits if the lawyers are able to stipulate as to its form;

16

1    3.        A work copy of these jury instructions for each of you;

2    4.        A work copy of the verdict form for each of you; and

3    5.        An official verdict form.

4        Remember that none of these items are evidence except the exhibits.

5        When you recess at the end of a day, please place your work materials in the brown

6    envelope provided and cover up any easels with your work notes so that if my staff needs to go

7    into the jury room, they will not even inadvertently see any of your work in progress.

8                                          37.

9        In your deliberations it is usually premature to take a straw vote early on.  This is due to

10   the risk of jury members expressing a premature opinion and then, out of pride, digging in their

11   heels.  Rather it is usually better to discuss the evidence, pro and con, on the various issues

12   before proceeding to take even a straw vote.  In this way, all the viewpoints will be on the table

13   before anyone expresses a vote.  These are merely recommendations, however, and it is entirely

14   up to you to decide on how you wish to deliberate.

15                                         38.

16       A United States Marshal will be outside the jury-room door during your deliberations.

17   If it becomes necessary during your deliberations to communicate with me, you may send a note

18   through the Marshal, signed by your foreperson or by one or more members of the jury.  No

19   member of the jury should ever attempt to communicate with me except by a signed writing, via

20   the Marshal, and I will respond to the jury concerning the case only in writing or here in open

21   court. If you send out a question, I will consult with the lawyers before answering it, which may

22   take some time.  You may continue your deliberations while waiting for the answer to any

23   question.  Remember that you are not to tell anyone — including me — how the jury stands,

24   numerically or otherwise, until after you have reached a unanimous verdict or have been

25   discharged.  Do not disclose any vote count in any note to the Court.

26                                         39.

27       You have been required to be here each day from 7:45 A.M. to 1:00 P.M.  Now that you

28   are going to begin your deliberations, however, you are free to modify this schedule within

United States District Court
For the Northern District of California

17

**United States District Court**
For the Northern District of California

1   reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable

2   lunch break, that is fine.  The Court does, however, recommend that you continue to start your

3   deliberations by 8:00 A.M.  If you do not reach a verdict by the end of today, then you will

4   resume your deliberations tomorrow and thereafter.

5          It is very important that you let us know via note what hours you will be deliberating so

6   that we may conform our schedule to yours.

7                                              40.

8          You may only deliberate when all of you are together.  This means, for instance, that in

9   the mornings before everyone has arrived or when someone steps out of the jury room to go to

10   the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to

11   anyone outside the jury room about this case still applies during your deliberation.

12                                             41.

13          After you have reached a unanimous agreement on a verdict, your foreperson will fill in,

14   date and sign the verdict form and advise the Court through the Marshal that you have reached a

15   verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the

16   courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is

17   now in your hands.  You may now retire to the jury room and begin your deliberations.

18

19

20   Dated:  **[ONLY SIGN AND DATE AFTER**
          **INSTRUCTION READ TO THE JURY]**            _____
21                                                     WILLIAM ALSUP
                                                       UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28